IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BETTY SUE TRAMEL           )
                           )    No. 3-05-0480
v.                         )
                           )
WAL-MART STORES EAST, L.P. )


TO:     Honorable Todd J. Campbell, Chief Judge


## REPORT AND RECOMMENDATION

Pursuant to Local Rule 11 and the order entered June 22, 2005 (Docket Entry No. 5), this case was referred to the Magistrate Judge for case management. For the reasons set forth below, the Court recommends that this case be dismissed with prejudice.


### I. Procedural Background

The plaintiff, represented by counsel, originally filed this action in the Circuit Court of Wilson County, Tennessee, on April 27, 2005, asserting the defendant's negligence by failing to maintain its floors safely and failing to warn the plaintiff of the slippery floor, resulting in her falling inside the defendant's store. The plaintiff sought damages as a result of injuries she sustained.

The defendant removed the case to this Court on the basis of diversity jurisdiction. An initial case management conference was held on August 1, 2005, and initial case management orders were entered on August 8, 2005 (Docket Entry Nos. 12-13), providing, inter alia, scheduling deadlines

for the progression of the case. By order entered August 4, 2005 (Docket Entry No. 14), the pretrial conference and trial were scheduled on October 2, 2006, and October 10, 2006, respectively.

On January 3, 2006, the defendant filed a motion to dismiss or, in the alterative, to compel (Docket Entry No. 18), asserting that the plaintiff had failed to respond to the written discovery served on the plaintiff on September 30, 2005, despite having sent two letters to plaintiff's counsel in December of 2005. In response to the second letter, plaintiff's counsel wrote that he had lost contact with the plaintiff and intended to file a motion to withdraw. See Exhibit 3 to Docket Entry No. 18. In response to the motion, plaintiff's counsel explained that he had lost contact with the plaintiff from October 10, 2005, to January 10, 2006, because the plaintiff had moved and had not provided him with a new address or "other means of communication." Docket Entry No. 19. In the response, plaintiff's counsel also asked the Court to deny the defendant's motion to compel and allow the plaintiff "adequate time" to respond to the discovery. Id.

By order entered January 17, 2006 (Docket Entry No. 20), the Court granted the defendant's motion to compel, rendering moot the portion of the motion alternatively seeking dismissal. Specifically, the Court ordered the plaintiff to serve responses to the defendant's written discovery by February 15, 2006, directed plaintiff's counsel to insure that the plaintiff had a copy of the defendant's written discovery, and directed defendant's counsel to notify the Court if she did not receive responses from the plaintiff's discovery by February 15, 2006. The plaintiff was expressly warned that her failure to serve responses to the written discovery could result in the dismissal of this lawsuit.

By order entered February 10, 2006, a status conference was scheduled on February 27, 2006. The plaintiff was again warned that her failure to respond to the written discovery could result

2

in the dismissal of this case. In addition, the plaintiff was further warned that her failure to appear on February 27, 2006, could also result in the dismissal of the case.

The February 10, 2006, order was mailed to the plaintiff by certified mail at the plaintiff's address as listed by plaintiff's counsel in their motion to withdraw. The February 10, 2006, order was returned by the Postal Service as "unclaimed." See Docket Entry No. 25.

On February 16, 2006, defendant's counsel called the office of the undersigned to advise that she had not received discovery responses from the plaintiff. On January 27, 2006, plaintiff's counsel filed a motion to withdraw (Docket Entry No. 21), which was granted by order entered January 30, 2006 (Docket Entry No. 22).

The plaintiff failed to appear at the status conference on February 27, 2006, and the Court has not heard from the plaintiff in any form or fashion since that time.

## II. Legal Authority

Rule 16(f) of the Federal Rules of Civil Procedure provides that:

> [i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Pursuant to Rule 37(b)(2)(C), as assimilated into Rule 16(f), the Court may dismiss an action. Rule 37(b)(2)(C) also provides that, if a party fails to obey an order to provide discovery, the Court can enter orders as described in Rule 37(b)(2)(A)-(D), and Rule 37(d) provides that, if a party fails to respond to interrogatories, the Court can enter orders as described in Rule 37(b)(2)(A)-(C). In addition, Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "failure to prosecute or to comply with these rules or any order of court."

3

The plaintiff failed to provide her counsel with her address or means to communicate with her for three months, resulting in counsel's motion to withdraw. The plaintiff was directed to respond by February 15, 2006, to the written discovery served upon her in September of 2005. She failed to do so. Although the plaintiff was directed to appear at the February 27, 2006, status conference, and was advised of the possible consequences of her failure to appear, she failed to appear.[1] The plaintiff has not made any filings or otherwise contacted the Court prior to or after the status conference.

It is clear to the Court that the plaintiff has lost interest in prosecuting this action.

**RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that this action be dismissed with prejudice for the plaintiff's failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for the plaintiff's failure to respond to the defendant's written discovery, pursuant to Rules 37(b)(2)(C) and 37(d) of the Federal Rules of Civil Procedure despite the January 17, 2006, order compelling her to respond by February 15, 2006, and for her failure to appear at the status conference scheduled on February 27, 2006, pursuant to Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure.

---

[1] The Court acknowledges that the plaintiff may not have been aware of the February 27, 2006, status conference because she did not claim the certified mail enclosing the February 10, 2006, order directing her to appear on February 27, 2006. However, it is the plaintiff's responsibility to collect mail sent to her. In addition, the Court has provided the plaintiff ample time after the February 27, 2006, status conference to communicate in some manner with the Court if she intended to continue to prosecute this action.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice, and must state with particularity the specific portions of this Report & Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

The Clerk is directed to send a copy of this Report and Recommendation to the plaintiff at 817 West Spring Street, P.O. Box 3312, Lebanon, TN 37087, by certified mail and regular, first class mail.

Respectfully Submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge